FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| PLAINTIFFS Ernest E. Jaaskelainen / Kathleen A. Jaaskelainen | DEFENDANTS Wells Fargo Bank, N.A. Option One Mortgage Corp |
| ATTORNEYS (Firm Name, Address, and Telephone No.) Kenneth D. Quat, Quat Law Offices, 9 Damonmill Sq., Concord MA 01742   978-369-0848 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor  ☐ Other  ☐ Trustee | PARTY (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☒ Creditor  ☐ Other  ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Claim for rescission & damages under Truth in Lending Act, 15 U.S.C. 1601 et seq.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other [3]

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property [1]

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment [2]

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR Ernest E. Jaaskelanien, Kathleen A. Jaaskelanien ||| BANKRUPTCY CASE NO. 07-12832 |
| DISTRICT IN WHICH CASE IS PENDING Mass. | DIVISIONAL OFFICE Eastern || NAME OF JUDGE Hillman |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE 7/3/07 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Kenneth D. Quat |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In Re:** )<br>)<br>ERNEST E. JAASKELAINEN and )<br>KATHLEEN M. JAASKELAINEN, )<br>    Debtors )<br>_____) | Chapter 13 No. 07-12832 |
| ERNEST E. JAASKELAINEN and, )<br>KATHLEEN M. JAASKELAINEN, )<br>    Plaintiffs )<br>)<br>v. )<br>)<br>WELLS FARGO BANK, N.A., in trust for the )<br>Certificateholders of Carrington Mortgage Loan )<br>Trust, Series 2006-OPT1 Asset Backed Pass- )<br>Through Certificates, and )<br>OPTION ONE MORTGAGE CORPORATION, )<br>)<br>    Defendants )<br>_____) | Adversary Proceeding No. |

## COMPLAINT

### Preliminary Statement

1. In November, 2005, plaintiffs re-financed the mortgage on their home with defendant Option One Mortgage Company, a "sub-prime" lender which has been the subject of substantial litigation throughout the United States. A number of irregularities occurred in connection with plaintiffs' transaction. However, the gravamen of the instant complaint was the failure of Option One to provide each plaintiff with 2 notices of their right to rescind the transaction, as required by the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* (the "Act") and 12 C.F.R. 226 ("Regulation Z"). As a result of this failure, plaintiffs

were entitled to rescind the transaction up to the later of 3 days following the time they were given the notices or 3 years from the date of the transaction. On May 1, 2007, plaintiffs exercised this right by notifying in writing defendant Wells Fargo Bank N.A., which had instituted foreclosure proceedings and was believed to be the current holder of the mortgage. On June 5, 2007, plaintiffs exercised this right by notifying in writing defendant Option One. Defendants failed to comply with their obligations under the Act to terminate the security interest in plaintiffs' home and return to plaintiffs the monies they had paid in connection with the transaction, thus forcing plaintiffs to commence this litigation.

### Jurisdiction

2. This Court has jurisdiction over this matter on the basis of 15 U.S.C. §1640(e) and 28 U.S.C. §§1331, 1337. The Court has authority to enter a declaratory judgment pursuant to 28 U.S.C. §2201.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### Parties

4. Plaintiffs Ernest and Kathleen Jaaskelanien are individuals, husband and wife, who at all times relevant to this complaint have resided in Attleboro, Massachusetts. They are the debtors in Chapter 13 Case No. 07-12832.

5. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a duly organized and existing corporation with a principal place of business in San Francisco, California.

6. Defendant Option One Mortgage Corporation ("Option One") is a duly organized and existing corporation with a principal place of business in Orange, California.

## Statement of Facts

7. On or about November 28, 2005, plaintiffs entered into a consumer credit transaction (hereafter, the "transaction") with Option One.

8. As part of and in connection with the transaction, Option One obtained a security interest (hereafter, the "mortgage") in the real property owned by plaintiffs located at 11 Howarth Avenue, Attleboro, Massachusetts, which at all times relevant hereto has been plaintiffs' principal dwelling. Both plaintiffs executed the mortgage. A true copy of same is appended hereto as Exhibit A.

9. The security interest was not created for the purpose of financing the acquisition or initial construction of plaintiffs' dwelling.

10. Subsequent to the consummation of the transaction and granting of the security interest, Option One may have assigned the subject obligation and security interest to Wells Fargo.

## COUNT I

11. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

12. The consumer credit transaction was subject to plaintiffs' right of rescission as provided by 15 U.S.C. §1635 and Regulation Z, §226.23 (12 C.F.R. §226.23).

13. Option One failed to deliver to each plaintiff at the time of the transaction 2 copies of the right to rescind containing certain information as required by 15 U.S.C. 1635(a) and Regulation Z, §226.23.

14. Because of Option One's failure to deliver the required notices, plaintiffs had a continuing right to rescind the transaction until the third business day after receiving the notices up to 3 years after consummation of the transaction.

15. On May 1, 2007, plaintiffs not having received the required notices, plaintiffs exercised their right to rescind the transaction by sending to Wells Fargo notices of the exercise of their extended rights of rescission via U.S. certified mail, return receipt requested. True copies of each such notice are attached hereto as Exhibits B and C, respectively.

16. Wells Fargo responded through counsel to plaintiffs' rescission notices by letter dated May 3, 2007, in which said defendant refused to honor the requests for rescission. A true copy of said letter is appended hereto as Exhibit D.

17. On June 5, 2007, plaintiffs not having received the required notices, plaintiffs exercised their right to rescind the transaction by sending to Option One notices of the exercise of their extended rights of rescission via U.S. certified mail, return receipt requested. True copies of each such notice are attached hereto as Exhibits E and F, respectively.

18. Option One received plaintiffs' notices on June 8, 2007, but it has not responded to same.

19. More than 20 calendar days have passed since defendants received the plaintiffs' notices of rescission, and they have failed to take any action necessary or appropriate to reflect the termination of the security interest created under the transaction, as required by law.

20. Defendants have failed to return to plaintiffs all money or property given by them to anyone, including defendants, in connection with the transaction, as required by law.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment:

(a) rescinding the transaction;

(b) declaring the subject mortgage null and void, and ordering defendants to take all action necessary to terminate same;

(c) ordering defendants to return to plaintiffs all monies or other property given by them to anyone, including defendants, in connection with the transaction;

(d) declaring that plaintiffs are not obligated to tender the amounts remaining after return of the monies and property given by them;

(e) awarding them statutory damages against defendants for failing to respond properly to plaintiff's rescission notices;

(f) awarding costs and reasonable attorney's fees;

(g) awarding such further relief as shall be just and proper.

ERNEST E. JAASKELANIEN
KATHLEEN A. JAASKELANIEN
By their attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
ken@quatlaw.com

5